IN RE PETITION FOR DISCIPLINARY ACTION AGAINST William C. PRIBBLE, Jr., an Attorney at Law of the State of Minnesota.

No. C4–94–2134.

Supreme Court of Minnesota.

March 18, 2002.

ORDER

On April 17, 1998, this court suspended petitioner William C. Pribble, Jr., from the practice of law for a period of six months. *In re Pribble*, 577 N.W.2d 713 (Minn.1998). Petitioner filed a petition for reinstatement with this court, and a panel of the Board of Lawyers Professional Responsibility conducted a hearing on the petition. The panel found that petitioner has completed all conditions for reinstatement and that petitioner has established his fitness and competence to resume the practice of law. The panel recommended that petitioner be reinstated to the practice of law and placed on supervised probation for two years subject to the following conditions:

(1) Petitioner shall abide by the Minnesota Rules of Professional Conduct.

(2) Petitioner shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, petitioner shall provide authorizations for release of information and documentation to verify compliance with the terms of this probation.

(3) Petitioner shall not begin representing clients until a supervisor, approved by the Director, is appointed. Petitioner shall cooperate fully with the supervisor in [his or her] efforts to monitor compliance with this probation. Petitioner shall contact the supervisor and schedule a minimum of one in-person meeting per quarter during his probation. Prior to each meeting with the supervisor, petitioner shall submit to the supervisor an inventory of all active client files. With respect to each active file, the inventory shall disclose the client name, type of representation, the date the file was opened, the date and description of the most recent activity, a date and description of the next anticipated action and the anticipated closing date for the file. Petitioner's supervisor shall file quarterly written reports with the Director or at such more frequent intervals as may reasonably be requested by the Director.

(4) Petitioner shall maintain books and records concerning law office income and expenses and funds held on behalf of clients in compliance with Rule 1.15, Minnesota Rules of Professional Conduct and LRPB Opinion No. 9. Each month, petitioner shall provide his supervisor with monthly trust account reconciliations including trial balances from client subsidary ledgers. He shall also make all books and records pertaining to office and trust accounts available to his supervisor who shall review them to determine that they are being properly maintained. Such books and records shall also be made available to the Director upon request.

(5) Before accepting any clients, petitioner shall provide to the Director and to his probation supervisor a written plan outlining office procedures and an

appropriate business and trust account books and record keeping system.

The Director of the Office of Lawyers Professional Responsibility agrees with the panel's recommendation. This court has independently reviewed the file and approves the jointly recommended disposition.

IT IS HEREBY ORDERED that petitioner William C. Pribble, Jr., is reinstated to the practice of law in the State of Minnesota effective immediately and is placed on supervised probation for two years subject to the conditions set forth above.

BY THE COURT:
/s/ Paul H. Anderson
Associate Justice